■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REZO TSIKLAURI, Appellant. [55 NYS3d 2]—

Judgment, Supreme Court, New York County (Daniel P. Conviser, J.), rendered July 23, 2013, convicting defendant, after a jury trial, of assault in the second degree and resisting arrest, and sentencing him to an aggregate term of two years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. There was ample evidence of defendant's intent to resist arrest and prevent the injured officer from performing a lawful duty. Defendant repeatedly shouted "no," backed up against a wall, tried to keep his arms rigid at his sides so officers could not handcuff him, and grabbed and twisted one officer's wrist, causing torn ligaments in the officer's hand (*see e.g. People v Spencer*, 95 AD3d 781, 782 [1st Dept 2012], *lv denied* 19 NY3d 977 [2012]).

Defendant's challenge to the court's definition of reasonable doubt, given in response to a question from a prospective juror during the voir dire of one panel of jurors, is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal. The court's charge, as delivered to all prospective jurors at the beginning of voir dire, and to the sworn jurors at the commencement of trial and prior to deliberations, accurately conveyed the concept of proof beyond a reasonable doubt, and the court's isolated misstate-

ment during one round of voir dire does not warrant reversal (*see People v Drake*, 7 NY3d 28, 34 [2006]; *People v Javier*, 269 AD2d 182 [1st Dept 2000], *lv denied* 95 NY2d 798 [2000]). We have considered and rejected defendant's arguments that the misstatement interfered with his ability to question the panel of prospective jurors who heard it, and that counsel rendered ineffective assistance by failing to object to the misstatement. Concur—Acosta, J.P., Renwick, Mazzarelli, Gische and Gesmer, JJ.